## VANCE et al. *v.* DEPASS.

Where no enquiry was made of the maker of the note, nor of his syndic when he had failed, nor of a person of the same sirname with the endorser, but the initial letter of whose first name was differently printed in the city directory, sufficient diligence will not be considered to have been used, to ascertain the residence of an endorser living in the city where the note was payable, to excuse want of notice of protest.

Where the endorser of a note, who had been discharged by want of notice of protest, on being applied to for payment stated, "that he had been very unfortunate in endorsing the note, that he could not pay it, that the estate of the maker owed him money, and that he had no means of paying it but from that source," it will not be considered as a promise to pay the note. *Per Curiam:* Where there has been *laches* on the part of a holder of the note, by which the endorser has been discharged, a promise to pay, to be obligatory, must be deliberately made, in clear and explicit language, and amount to an admission of the rights of the holder, or of a duty and willingness to pay.

A PPEAL from the City Court of New Orleans, *Collens*, J.    ·         VANCE
A   *Budd* and *Redmond*, for the appellants. There was due diligence, and       *v.*
the endorser was properly notified, under sec. 3 of act of 13 March, 1827. B.    DEPASS.
& C's. Dig. p. 43.   *Jones* v. *Mansker*, 15 La. 51.   *Union Bank* v. *Grimshaw*,
15 La. 321.   The evidence shows that the defendant promised to pay the note,
after the protest.

    *Pilié* and *Le Gardeur*, for the defendant. There was not sufficient diligence
used to discover the residence of the endorser.   *Canonge* v. *Louisiana State
Bank*, 7 Mart. N. S. 585.   Chitty on Bills, 213.   There was no sufficient
promise to pay after discharge, it not having been shown that the defendant
knew of his discharge at the time of the pretended promise.   12 La. 465.

    The judgment of the court was pronounced by

    SLIDELL, J.   The defendant is the endorser of a promissory note, and re-
ceived no notice of protest.   The principal enquiry is, whether there was such
an exercise of due diligence as excused the want of notice.

    It appears beyond dispute that *Depass* lived in New Orleans at the date of
the institution of this suit, which was brought only eight days after protest,
and that he also lived in New Orleans before the note was protested; and
though his actual residence in New Orleans at the date of the protest is not
positively shown, yet the inference flows very conclusively from all the circum-
stances in proof that he had such residence. *Depass* was a stevedore, and was
generally to be seen on the wharves or levée.   The notary says he met him in
New Orleans the next day after the protest, but said nothing to him; and four
days afterwards the plaintiffs' agent went to him to ask payment, and found
him.   On the day of protest the notary went to the house which *Depass* for-
merly occupied, but found it occupied by another person, who could not inform
him whither *Depass* had removed.   He states also that he enquired of a great
many persons in the neighborhood, and spent an hour in attempting to obtain
information, and also looked for him on the levée, but unsuccessfully.   He then
gave the notice to the plaintiffs, and deposited a duplicate, addressed to *Depass*
at New Orleans, in the post office at New Orleans.

    We do not think there was such diligence as the law requires to excuse no-
tice.   No enquiry was made of the drawer of the note, nor of his syndic, nor
of another person of the same sirname, whose name was in the directory.[*]
See Story on Bills, § 316 and notes.   Chitty on Bills, 488.   And the opinion of
Lord Ellenborough, in *Beveridge* v. *Burgis*, 3 Campbell, 262.

    But it is contended that there was a subsequent promise by *Depass* to pay
this note.   We do not consider the promise as satisfactorily proved.   A wit-
ness says, that he demanded payment of *Depass*, who stated that he had been
very unfortunate in endorsing this note, that he could not pay it, that the estate
of *Pigneguy* (the maker) was owing him money, and that he had no other
means of paying than from the estate of Pigneguy.   Witness advised *Depass*
to go and see the plaintiffs' attorney, but he said it was useless—he had nothing
further to say.   This conversation took place four or five days after the protest.
It establishes no promise to pay, for where there has been *laches* on the part of
the holder discharging the endorser, the promise, to be obligatory, must be de-
liberately made, in clear and explicit language, and amount to an admission of
the rights of the holder, or of a duty and willingness to pay.   See Story on
Notes, § 363.                                          *Judgment affirmed.*

---

    [*] The endorser's name was *Isaac Depass*. The directory contained the name of " S.
Depass."